## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| REBA JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| FLAGLER COUNTY | : | |
| SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## Preliminary Statement

1.    Reba Johnson, a student with disabilities, brings this action against the Flagler County School District for its breach of the parties' mediation agreement, entered under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq*.

2.    The District has not provided Ms. Johnson any education services this school year.

3.    Under the mediation agreement, the District had a duty to provide Ms. Johnson education services by the week of September 27, 2021.

4.    The District failed to provide the services.

1

5.     As a result, Ms. Johnson continues to languish at home, without access to an education.

6.     Ms. Johnson seeks injunctive, declaratory, and equitable relief requiring the District to comply with the mediation agreement and fulfill its obligations to her under the IDEA and state law.

## Jurisdiction and Venue

7.     This action is brought pursuant to 20 U.S.C. § 1415 and state law.

8.     Jurisdiction is based on 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 20 U.S.C. § 1415.

9.     The Court may assert supplemental jurisdiction over the state breach-of-contract claim because it is so related to the IDEA claim that they form part of the same case or controversy under Article III of the Constitution. *See* 28 U.S.C. § 1367.

10.     Venue in this district is proper under 28 U.S.C. § 1391(b). The District is located in this district, and the events giving rise to this action arose in the district.

## Parties

11.     Ms. Johnson is eighteen years old.

12.     Ms. Johnson is a high school student with disabilities.

13.     Because of her disabilities, Ms. Johnson qualifies for special-education services under the IDEA.

14.     Ms. Johnson resides within the District.

15.     The District is a local educational agency (LEA) under the IDEA.

16.     The District is located at 1769 East Moody Boulevard Building 2, Bunnell, Florida 32210.

### Statutory Background

17.     The IDEA and its implementing regulations, 34 C.F.R. § 300 *et seq.*, require school districts in Florida to provide students with disabilities a free and appropriate public education (FAPE). 20 U.S.C. § 1412(a)(1)(A).

18.     "To meet [that] substantive obligation," school districts must provide students special-education services through an Individualized Education Program (IEP) that is "reasonably calculated to enable [them] to make progress appropriate in light of [their] circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017).

19.     School districts must provide FAPE to students with disabilities "between the ages of 3 and 21, inclusive, including [students] who have been suspended or expelled from school." 20 U.S.C. § 1412(a)(1)(A).

20.     If a school district fails to provide a student FAPE, the student can request a due process hearing. 20 U.S.C. § 1415(b)(6).

3

21.     A student can also request mediation to resolve a FAPE dispute. 20 U.S.C. § 1415(e).

22.     Mediation agreements are "enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(e)(2)(F)(iii).

## Statement of Facts

23.     Ms. Johnson is a student with an emotional/behavioral disability under the IDEA.

24.     Ms. Johnson has a history of trauma.

25.     Ms. Johnson has diagnoses of Post-Traumatic Stress Disorder, Disruptive Mood Dysregulation Disorder, and Attention Deficit Hyperactivity Disorder.

26.     Ms. Johnson lives at East Coast Habilitation Options (ECHO), a group home.

27.     ECHO is located in the District.

28.     Ms. Johnson moved to ECHO in November 2020.

29.     At that time, the District became Ms. Johnson's LEA under the IDEA.

30.     Since November 2020, the District has had a duty to provide Ms. Johnson FAPE.

4

31.   The District did not provide Ms. Johnson special-education services until January 2021.

32.   When the District began providing Ms. Johnson services, it did not afford her direct instruction.

33.   The District provided Ms. Johnson only virtual instruction. She accessed instruction via a classroom computer.

34.   In April 2021, the District suspended Ms. Johnson.

35.   The District did not allow Ms. Johnson to return to her school for the remainder of the 2020-2021 school year.

36.   Ms. Johnson received only virtual instruction through a computer at ECHO for the remainder of the school year.

37.   Ms. Johnson has received no education services from the District during the 2021-2022 school year.

38.   Ms. Johnson has not attended school during the 2021-2022 school year.

39.   In August 2021, Ms. Johnson submitted a due process complaint to the District requesting mediation and a due process hearing.

40.   Ms. Johnson alleged that the District denied her FAPE because it failed to provide her, among other things, "direct instruction in all academic areas, transition services, appropriate behavioral supports and services, . . .

small group instruction, social skills training," and "[p]lacement at a public school." *See* Due Process Complaint, Ex. A at 16–18.

41.    On September 21, 2021, Ms. Johnson and the District attended mediation pursuant to 20 U.S.C. § 1415(e)(2)(F).

42.    At mediation, they entered a written agreement pursuant to 20 U.S.C. § 1415(e)(2)(F). *See* Mediation Agreement, Ex. B.

43.    The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson placement at a public school. Ex. B at 1.

44.    The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson transportation to and from school via a special-education bus. Ex. B at 1.

45.    The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson a bus aide for her transportation to and from school. Ex. B at 1.

46.    The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson "small group direct instruction in all academic areas." Ex. B at 1.

47.    The agreement states that, by "the week of September 27, 2021," the District will consult with one of Ms. Johnson's former teachers about her small group direct instruction. Ex. B at 1.

48.     The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson "counseling services." Ex. B at 2.

49.     The agreement states that, by "the week of September 27, 2021," the District will provide Ms. Johnson "paraprofessional support." Ex. B at 2.

50.     The agreement states that, by "the week of September 27, 2021," the District will hold an IEP meeting with Ms. Johnson to amend her IEP so that it includes the special-education services that the agreement requires. Ex. B at 1.

51.     The agreement states that, within two weeks of Ms. Johnson starting school, the District will conduct a functional behavior assessment to identify the behavioral supports and interventions that she needs. Ex. B at 1.

52.     During the week of September 27, 2021, Ms. Johnson contacted the District several times to confirm a date for her to attend school and start receiving the services included in the mediation agreement.

53.     The District refused to provide a date for her to start attending school and receiving services.

54.     Although the week of September 27, 2021, has passed, Ms. Johnson does not have access to any education services.

55.     The District failed to provide Ms. Johnson placement at a public school by the week of September 27, 2021.

7

56.     The District failed to provide Ms. Johnson transportation to and from school by the week of September 27, 2021.

57.     The District failed to provide Ms. Johnson a bus aide by the week of September 27, 2021.

58.     The District failed to provide Ms. Johnson small group direct instruction by the week of September 27, 2021.

59.     The District failed to provide Ms. Johnson counseling services by the week of September 27, 2021.

60.     The District failed to provide Ms. Johnson paraprofessional support by the week of September 27, 2021.

61.     The District's failure to provide Ms. Johnson access to school has delayed her functional behavior assessment.

62.     The District failed to hold an IEP meeting in conformity with the mediation agreement by the week of September 27, 2021.

63.     On October 1, 2021, the District held a meeting, which Ms. Johnson attended, but the District was not prepared to implement an IEP that includes the services in the agreement.

64.     At the meeting, Ms. Johnson again requested a date for her to start school and begin receiving services.

65.     The District again rebuffed her and did not provide her a start date.

66.     The District has still not provided Ms. Johnson the services in the agreement.

67.     The District has neither provided Ms. Johnson the services directly nor provided her the services by contracting with a third party.

68.     Because of the District's failures, Ms. Johnson is still not attending school.

69.     Ms. Johnson lacks access to educational services.

70.     Ms. Johnson has been out of school this entire school year.

71.     Ms. Johnson is suffering irreparable harm because of the District's failures.

72.     Ms. Johnson is suffering irreparable harm to her education.

73.     Ms. Johnson is eligible for special-education services for only a few more years. Each day that she is deprived services constitutes an irreparable injury to her education.

**COUNT I:**
**VIOLATION OF IDEA MEDIATION AGREEMENT**

74.    The factual averments set forth in the paragraphs above and below are re-alleged and incorporated herein by reference.

75.    Ms. Johnson and the District entered a mediation agreement pursuant to 20 U.S.C. § 1415(e)(2)(F).

76.    The District violated the agreement and the IDEA by failing to provide Ms. Johnson placement at a public school by the week of September 27, 2021.

77.    The District violated the agreement and the IDEA by failing to provide Ms. Johnson transportation by the week of September 27, 2021.

78.    The District violated the agreement and the IDEA by failing to provide Ms. Johnson a bus aide by the week of September 27, 2021.

79.    The District violated the agreement and the IDEA by failing to provide Ms. Johnson small group direct instruction by the week of September 27, 2021.

80.    The District violated the agreement and the IDEA by failing to provide Ms. Johnson counseling services by the week of September 27, 2021.

81. The District violated the agreement and the IDEA by failing to provide Ms. Johnson paraprofessional support by the week of September 27, 2021.

82. The District violated the agreement and the IDEA by failing to hold an IEP meeting in conformity with the agreement by the week of September 27, 2021.

83. The District remains in violation of the agreement and the IDEA.

84. Each of the District's violations infringes Ms. Johnson's rights under the IDEA.

85. Because of the District's violations, Ms. Johnson has suffered, and continues to suffer, irreparable harm.

86. Ms. Johnson is out of school and has been for months, causing irreparable harm to her education and jeopardizing her chances of a successful transition to adult life.

## COUNT II:
## BREACH OF CONTRACT UNDER FLORIDA LAW

87. The factual averments set forth in the paragraphs above and below are re-alleged and incorporated herein by reference.

88. Ms. Johnson and the District's mediation agreement is a contract under Florida law.

89.    The District materially breached the agreement by failing to provide Ms. Johnson placement at a public school by the week of September 27, 2021.

90.    The District materially breached the agreement by failing to provide Ms. Johnson transportation by the week of September 27, 2021.

91.    The District materially breached the agreement by failing to provide Ms. Johnson a bus aide by the week of September 27, 2021.

92.    The District materially breached the agreement by failing to provide Ms. Johnson small group direct instruction by the week of September 27, 2021.

93.    The District materially breached the agreement by failing to provide Ms. Johnson counseling services by the week of September 27, 2021.

94.    The District materially breached the agreement by failing to provide Ms. Johnson paraprofessional support by the week of September 27, 2021.

95.    The District materially breached the agreement by failing to hold an IEP meeting in conformity with the agreement by the week of September 27, 2021.

96.    The District remains in material breach of the agreement.

97.    Because of the District's material breaches, Ms. Johnson has suffered, and continues to suffer, irreparable harm.

98.    Ms. Johnson is out of school and has been for months, causing irreparable harm to her education and jeopardizing her chances of a successful transition to adult life.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Johnson requests the following relief:

1. A preliminary and permanent injunction requiring the District to fulfill its obligations under the mediation agreement;

2. Equitable relief, such as compensatory-education services, to remedy the ongoing harm suffered by Ms. Johnson;

3. Declaratory relief;

4. Reasonable attorney fees and litigation costs incurred in prosecuting this action; and

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Kevin A. Golembiewski*
Kevin A. Golembiewski
Fla. Bar. No. 1002339
Gina Fabiano
Fla. Bar. No. 23420
Jatinique Randle
Fla. Bar. No. 0125283
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
850-488-9071 ext. 9735
keving@disabilityrightsflorida.org

*Counsel for Plaintiff*

Dated: October 5, 2021