UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| REBA JOHNSON, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 3:21-cv-00995 |
| v. : | |
| : | |
| FLAGLER COUNTY : | |
| SCHOOL DISTRICT, : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S EMERGENCY MOTION
FOR A PRELIMINARY INJUNCTION**

Plaintiff Reba Johnson seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et. seq*. She respectfully requests that this Court grant this motion and enter the attached proposed order by October 27, 2021. Due to Defendant Flagler County School District's failures, Ms. Johnson is out of school without access to educational services. Emergency relief is necessary to address that exigency.

In support, Ms. Johnson submits a memorandum of law and declarations and states as follows:

1. Ms. Johnson, a student with disabilities, brought this action against the District to enforce an IDEA mediation agreement, which the parties entered pursuant to 20 U.S.C. § 1415(e).

2. Specifically, Ms. Johnson seeks injunctive relief requiring the District to honor its outstanding obligations under the agreement, including its obligation to immediately provide her:

 a. Placement in a self-contained classroom;

 b. Small group direct instruction in all academic areas by certified general-education and special-education teachers;

 c. Para-professional support;

 d. Counseling services;

 e. Transportation to and from school on a special-education bus; and

 f. A bus aide.

3. Under the mediation agreement, the District had an obligation to provide those services by the week of September 27, 2021, but it did not provide them, and it still has not done so. Johnson Declaration, Ex. A ¶¶ 30–33; Reiter Declaration, Ex. B ¶ 22.

4. The parties entered into the agreement after Ms. Johnson filed an administrative complaint against the District under the IDEA requesting mediation and a due process hearing. Ex. A ¶¶ 20, 24.

5. The parties settled the case at mediation on September 21, 2021. *Id.* ¶¶ 21, 24. The mediation lasted around ten hours. *Id.* ¶¶ 22. The resulting agreement, signed by all parties and enforceable under the IDEA, required the District to start providing Ms. Johnson special education and related services the following week—the week of September 27, 2021. Mediation Agreement, Ex. C. Because Ms. Johnson has yet to receive services this school year, time was—and still is—of the essence.

6. During the week of September 27, 2021, Ms. Johnson contacted the District several times to confirm a date for her to attend school and start receiving the services in the agreement. Ex. A ¶ 26. But the District informed Ms. Johnson that she would not be able to attend classes during the week of September 27, 2021, and it refused to provide a date for her to start attending school and receiving services. *Id.* ¶ 26, 30; Ex. B ¶ 26–30.

7. Because of the District's failures, Ms. Johnson filed this action on October 5, 2021. Since then, the District has still not permitted Ms. Johnson to attend school, and it still has not provided her any services. Ex. A ¶¶ 31–32; Ex. B. ¶ 31.

8. A preliminary injunction requiring the District to fulfill its obligations under the mediation agreement is warranted. Ms. Johnson has a substantial likelihood of success, she will suffer irreparable harm absent an injunction, and the equities and the public interest favor an injunction. *See* L.R. 6.01(b).

9. Ms. Johnson is likely to prevail on the merits: it is plain that the District has violated the agreement. *See* Ex. A ¶¶ 29–32; Ex. B ¶¶ 26–31.

10. Ms. Johnson will suffer irreparable harm absent this Court's immediate intervention. Delaying her access to a classroom and services until the end of this litigation will result in irreparable injury to her development and education.

11. Ms. Johnson is an 18-year-old student with an emotional/behavioral disability. Ex. A ¶¶ 3–4.

12. Due to her disability, she requires special-education services to make progress, but she is currently receiving no services because of the District's failures. She is languishing at home.

13. Under the IDEA, students with disabilities are eligible for special education only until they are 21-years-old. 20 U.S.C. § 1412(a)(1)(A). Ms. Johnson is 18-years-old and only in tenth grade. She does not have time to

waste; she needs services now to progress in her education and achieve the IDEA's goals of independence and self-sufficiency. *See id.* § 1400(c)(1).

14. The equities heavily favor Ms. Johnson because only she faces harm. The District will not be harmed by an injunction requiring it to comply with a legally binding mediation agreement that it voluntarily entered just a few weeks ago.

15. A preliminary injunction is in the public interest because the public has an interest in (1) students with disabilities accessing an education and developing the skills needed to live independently and (2) school districts abiding by their agreements under 20 U.S.C. § 1415(e).

16. Finally, no bond is required under Rule 65(c).

**WHEREFORE,** Ms. Johnson moves this Court to enter a preliminary injunction requiring the District to comply with the parties' IDEA mediation agreement, including immediately providing her a placement in a self-contained classroom, small group direct instruction in all academic areas by certified general-education and special-education teachers, para-professional support, counseling services, transportation to and from school on a special-education bus, and a bus aide.

Respectfully submitted,

*/s/ Kevin A. Golembiewski*
Kevin A. Golembiewski
Fla. Bar. No. 1002339
Gina Fabiano
Fla. Bar. No. 23420
Jatinique Randle
Fla. Bar. No. 0125283
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
850-488-9071 ext. 9735
keving@disabilityrightsflorida.org

*Counsel for Plaintiff*

Dated: October 13, 2021

## **CERTIFICATE OF SERVICE**

I, Kevin Golembiewski, do hereby certify that a true and correct copy of the foregoing will be served upon Defendant along with a true and correct copy of the corresponding Complaint and Summons.

Dated: October 13, 2021

/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
