**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REBA JOHNSON,  :
                :
    Plaintiff,  :
                :  Case No. 3:21-cv-00995
    v.  :
                :
FLAGLER COUNTY  :
SCHOOL DISTRICT,  :
                :
    Defendant.  :

**JOINT MOTION FOR ENTRY OF CONSENT DECREE AND
ORDER AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Reba Johnson and Defendant Flagler County School District jointly move this Court to enter the attached Consent Decree as an order of the Court to resolve this action. In support, the parties state:

1.    Ms. Johnson is a student with disabilities who qualifies for special-education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., and the District is her local educational agency under the IDEA.

2.    On October 5, 2021, Ms. Johnson commenced this action to enforce the parties' IDEA mediation agreement, which they had entered on September 21, 2021. Doc. 1.

3.     On October 13, 2021, Ms. Johnson filed a motion for a preliminary injunction, asserting that "[e]mergency relief is necessary" because she "is out of school without access to educational services." Doc. 6 at 1.

4.     This Court held a hearing on the motion on November 2, 2021. At the hearing, the Court denied the District's motion to dismiss, held the motion for a preliminary injunction under advisement, and identified dates for a consolidated evidentiary hearing and trial on the merits.

5.     After the hearing, the parties met multiple times to negotiate a resolution. They exchanged settlement proposals and worked diligently towards finding a mutually agreeable resolution.

6.     On November 23, 2021, the parties executed a consent decree. The consent decree is designed to remedy the violations of the IDEA alleged by Ms. Johnson in her complaint. It, among other things, provides for immediate educational services for Ms. Johnson, while taking into account the staffing challenges that the District raised at the preliminary-injunction hearing.

7.     The parties agreed that the consent decree would be adopted as an order of the Court. The consent decree provides that the Court shall have jurisdiction over the decree and that such jurisdiction shall commence upon the Court's adoption of the decree as an order and extend until the District satisfies certain provisions in the decree.

2

8.     The parties agree that the consent decree is fair, reasonable, and adequate to protect the interests of the parties and the public. They also agree that the consent decree is consistent with state and federal law.

WHEREFORE, the parties jointly request that the Court adopt the consent decree as an order of the Court, and thereby resolve this action.

## MEMORANDUM OF LAW

There is a "strong judicial policy favoring settlement," and courts have recognized that "compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).[1] The parties' consent decree satisfies those requirements.

**1.** The consent decree provides fair, adequate, and reasonable relief. The relief is the result of arms-length negotiations between the parties and their experienced counsel, and both sides view the terms as fair to their respective parties. *See Almanzar v. Select Portfolio Servicing, Inc.*, 2015 WL 10857401,

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

at *1 (S.D. Fla. Oct. 15, 2015) ("Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness."). The terms of the decree provide adequate relief that addresses the educational injury and the IDEA and contractual violations that Ms. Johnson alleged in her complaint. The parties validly and willingly consented to the decree, and the decree does not violate the Constitution, any statutes, or public policy.

Indeed, the decree secures the statutory rights of Ms. Johnson, and it does so reasonably, taking into account the declarations and other evidence presented at the preliminary-injunction hearing addressing the harm Ms. Johnson is suffering and the District's staffing challenges.

Finally, the consent decree provides for a reasonable end to the Court's jurisdiction: when the District transitions Ms. Johnson from an interim educational program to a program that the District develops in consultation with educational experts.

**2.** There are no concerns about collusion in this case. It is not a class action, and at any rate, the consent decree is the result of in-depth, arms-length negotiations between Ms. Johnson and the District, who diligently worked together to achieve a resolution that is beneficial to all parties and the public. *See Bennett*, 737 F.2d at 987 n. 9 (citing the district court, which found

4

no collusion where "[t]here [wa]s no evidence of unethical behavior, want of skill or lack of zeal on the part of . . . counsel").

Accordingly, and for these reasons, the Court should enter the consent decree, adopting it as an order of the Court.

Respectfully submitted,

/s/ Kevin A. Golembiewski

Kevin A. Golembiewski
Fla. Bar. No. 1002339
Gina Fabiano
Fla. Bar. No. 23420
Jatinique Randle
Fla. Bar. No. 0125283
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
850-488-9071 ext. 9735
keving@disabilityrightsflorida.org

/s/ Lisa Augspurger

Lisa Augspurger
Fla. Bar. No. 8922459
Bush & Augspurger, P.A.
411 E. Jackson St.
Orlando, FL
407-422-5319
lja@bushlawgroup.com
slo@bushlawgroup.com

Kristy J. Gavin
Fla. Bar. No. 0798241
Flagler Cty. School District
1769 E. Moody Blvd., Bldg. 2
Bunnell, FL 32110
386-437-7526, ext. 1105
gavink@flaglerschools.com

*Counsel for Plaintiff*                    *Counsel for Defendant*

Dated: November 23, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin Golembiewski, do hereby certify that a true and correct copy of the foregoing was served on counsel for Defendant via electronic filing.

Dated: November 23, 2021

<u>/s/ *Kevin A. Golembiewski*</u>
Kevin A. Golembiewski
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
