UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBA JOHNSON,

    Plaintiff,

v.

FLAGLER COUNTY
SCHOOL DISTRICT,

    Defendant.

Case No. 3:21-cv-00995

**CONSENT DECREE**

INTRODUCTION

1. This Consent Decree comes before this Court on the Complaint filed by Plaintiff Reba Johnson, a student with disabilities, against Defendant Flagler County School District on October 5, 2021. Doc. 1.

2. Before Plaintiff commenced this action, the parties entered a mediation agreement pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400 *et. seq.* The agreement required Defendant to, among other things, provide Plaintiff special-education services by the week of September 27, 2021. In her complaint, Plaintiff alleged that Defendant violated the agreement, resulting in her receiving no educational services this school year. Plaintiff brought this action under the IDEA and Florida contract law to enforce the agreement.

3.  In its answer, and at the parties' preliminary-injunction hearing, Defendant stated that it has a shortage of paraprofessionals and that the shortage has prevented it from complying with the agreement.

4.  After the preliminary-injunction hearing, the parties conferred to determine whether they could reach an amicable, mutually agreeable resolution of this action. To immediately address the urgent educational needs of Plaintiff, to avoid costly litigation, and to settle this action fully and finally, the parties have voluntarily agreed—subject to the terms of this Consent Decree—to resolve all claims in this action by entering into, and requesting this Court's approval of, this Consent Decree. The parties agree that the Consent Decree is fair, reasonable, and adequate to protect the interests of the parties and the public. They also agree that the Consent Decree is consistent with state and federal law.

5.  This Consent Decree becomes effective at the time of adoption by this Court. The parties will file the Consent Decree with the Court and ask the Court to adopt the terms of it as an order of the Court and to retain jurisdiction to enforce its provisions. Adoption of the Consent Decree by the Court is a condition precedent to its enforcement.

**JURISDICTION AND VENUE**

6.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over Plaintiff's Florida contract claim because it is so related to the IDEA claim that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over Defendant, which is a local educational agency under the IDEA that is located in Flagler County, Florida.

9. Venue lies in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions occurred in the district.

10. For purposes of this Consent Decree, and any action to enforce it, the parties consent to the Court's jurisdiction and to venue in this district.

## IMPLEMENTATION TIMELINE

11. Within three calendar days of the effective date of this Consent Decree, but no earlier than November 29, 2021, Defendant will provide Plaintiff home instruction per the following terms:

   a. Defendant will provide Plaintiff four hours of home instruction each school day.

   b. For two hours each school day, Defendant will have a teacher certified in Exceptional Student Education (ESE) go

3

to Plaintiff's group home and provide her one-on-one direct instruction.

c. During a different two-hour block, Defendant will provide Plaintiff general-education instruction via APEX, an online program. Plaintiff will be able to request assistance from general-education teachers online through APEX. Also, between the hours of 8:00 a.m. and 3:00 p.m., Plaintiff will be able to request assistance from the Flagler County Rise Up general-education teacher/administrator on the APEX curriculum. In addition, if the Rise Up general-education teacher/administrator is available during this two-hour block, the teacher/administrator will provide Plaintiff direct instruction for up to 30 minutes via Zoom or another video platform.

d. Plaintiff's ESE teachers will differentiate her general-education instruction for her to ensure that she can access it at her instructional level.

e. Defendant will provide Plaintiff paraprofessional support during the four hours that she is receiving home instruction, either by sending to her group home a paraprofessional who

4

is an employee of the District or by providing her a paraprofessional by contracting with her group home, East Coast Habilitation Options (ECHO).

12. Within three calendar days of the effective date of this Consent Decree, Defendant will initiate a referral for Plaintiff to Vocational Rehabilitation.

13. Within 45 calendar days of the effective date of this Consent Decree, Defendant will transition Plaintiff from home instruction to the school setting by (a) placing Plaintiff in a self-contained classroom at Flagler Palm Coast High School for full school days, (b) providing Plaintiff small group direct instruction in all academic areas by certified general-education and ESE teachers, (c) consulting Lauren Green in the development of such instruction, (d) providing Plaintiff paraprofessional support, (e) providing Plaintiff counseling services at school, and (f) providing Plaintiff transportation to and from school on a special-education bus that includes a bus aide. This educational program shall serve as an interim program for no longer than 90 calendar days.

14. Within two weeks of Defendant placing Plaintiff in the self-contained classroom, Defendant will begin a Functional Behavior Assessment (FBA) of Plaintiff, and Defendant will conduct a transition assessment of

5

Plaintiff. Upon completion of the FBA and the transition assessment, and no later than 65 calendar days of the effective date of this Consent Decree, Defendant will hold an Individualized Education Program (IEP) meeting to discuss the results of the FBA and the assessment and to develop a Positive Behavior Intervention Plan.

15. While Plaintiff is receiving the interim program, Defendant will retain independent consultants not affiliated with Defendant to work collaboratively with Disability Rights Florida's consultants to identify and develop an appropriate educational program. The consultants will meet with Plaintiff's IEP team and provide their recommendations for the educational program.

16. Within 135 calendar days of the effective date of this Consent Decree, Defendant will transition Plaintiff from her interim program to an educational program that the IEP team develops and that is based on the recommendations of the consultants to meet her unique educational needs.

17. During spring 2022, Plaintiff's IEP team will convene an IEP meeting to determine her eligibility for Extended School Year (ESY) services and to tailor the services to her needs, should she be found eligible.

## RELIEF

18. Defendant will provide Plaintiff a psychoeducational Independent Educational Evaluation (IEE) and a speech and language IEE. Dr. Kahina Louis will perform the psychoeducational IEE, and Plaintiff will identify an independent evaluator for the speech and language evaluation.

19. Defendant will provide Plaintiff compensatory education to remediate educational losses during the 2020-2021 and 2021-2022 school years to make her whole. Within 14 calendar days of Plaintiff's IEEs being completed, the parties will convene to determine the number of hours and services to be provided.

## REPORTING

20. Until Defendant provides Plaintiff the interim program discussed above, it will provide the Court weekly status updates summarizing its efforts to address its staffing needs and informing the Court of its progress towards addressing the needs.

21. For the duration of this Consent Decree, the parties will submit to the Court a joint report every 60 calendar days providing updates on Defendant's implementation of the Consent Decree.

## ENFORCEMENT

22. If Defendant is not in compliance with this Consent Decree, Plaintiff may move for relief from this Court to obtain compliance. The Court may apply equitable principles and may use any appropriate equitable or remedial power available to it.

23. Before Plaintiff seeks relief from this Court, she will contact Defendant in writing and identify its specific areas of noncompliance. Plaintiff will afford Defendant three calendar days to cure its noncompliance before seeking relief from the Court.

## MODIFICATION

24. The parties recognize that Plaintiff's educational needs may change during the duration of this Consent Decree. Therefore, it may be appropriate to modify the Consent Decree from time to time. Defendant may ask Plaintiff to review a proposed modification, amendment, or alteration of any of the rights or obligations in the Consent Decree.

25. If Plaintiff agrees with the proposed modification, the parties will seek Court approval of the modification, amendment, or alteration.

26. If Plaintiff disagrees with the proposed modification, the parties will meet and confer as to whether they can reach agreement. If the parties cannot agree within thirty calendar days, they will seek the assistance of a

mediator to resolve the dispute. If mediation resolves the dispute and the parties both agree to a proposed modification, they will seek Court approval of the modification.

### COURT APPROVAL AND JURISDICTION

27. **Scope.** The parties hereby memorialize the terms of their agreement in this Consent Decree. This Consent Decree constitutes the entire agreement of the parties and supersedes all prior agreements, representations, negotiations, and undertakings in this litigation not set forth or incorporated herein.

28. **Court Adoption.** The Consent Decree is not effective, and this action is not settled, absent adoption by the Court as an order of the Court.

29. **Jurisdiction.**

   a. This Court shall be the sole forum for the enforcement of this Consent Decree.

   b. The terms of this Consent Decree and the jurisdiction of the Court shall commence upon the date of the Court's adoption of the Consent Decree as an order of the Court.

   c. The Court's jurisdiction shall extend from the date of adoption until Plaintiff transitions out of the interim program discussed in paragraph 13 above and Defendant

provides her an educational program in conformity with this Consent Decree and the IDEA. The Court, however, shall maintain jurisdiction beyond then if Plaintiff files a motion to extend jurisdiction because prospective relief remains necessary to correct a current and ongoing violation of Plaintiff's rights.

30. Nothing in this Consent Decree shall limit the parties' rights to challenge or appeal any finding as to whether Defendant is not in compliance with the Consent Decree.

IN WITNESS WHEREOF, the parties to this Consent Decree have executed the same through the signatories below:

For Plaintiff:

_Reba Johnson_
Reba Johnson

Dated: 11/22/21

For Defendant:

_[signature]_
Martha von Mering, Ph.D.
Director of Exceptional Student Education
Flagler County School District

Dated:

11