# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| REBA JOHNSON, | : |
| Plaintiff, | : |
| | : Case No. 3:21-cv-00995 |
| v. | : |
| FLAGLER COUNTY SCHOOL DISTRICT, | : |
| Defendant. | : |

**PLAINTIFF'S MOTION ON ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES AND SUPPORTING <u>MEMORANDUM OF LAW</u>**

Plaintiff Reba Johnson requests that the Court enter an order determining that she is entitled to seek attorney's fees and expenses under 20 U.S.C. § 1415(i)(3)(B). *See* L.R. 7.01(b). In support, she states:

1. Ms. Johnson is a student with disabilities who qualifies for special-education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Defendant Flagler County School District is her local educational agency under the IDEA.

2. On September 21, 2021, the parties entered an IDEA mediation agreement, which required the District to, among other things, start providing Ms. Johnson educational services by the week of September 27, 2021. Doc 1. at

1–2. The District, however, violated the agreement, forcing Ms. Johnson to commence this enforcement action. *Id.*

3.  Ms. Johnson brought this action under 20 U.S.C. § 1415(e)(2)(F)(iii). Doc. 26 at 2. In her complaint, she requested "reasonable attorney fees and litigation costs." Doc. 1 at 13.

4.  On December 6, 2021, after the parties had litigated a preliminary injunction motion and conducted discovery, this Court entered as a final order a consent decree, which resolved Ms. Johnson's claims and afforded her significant relief. Docs. 25–26. The decree not only requires the District to provide the educational services set forth in the parties' mediation agreement but also requires it to immediately provide Ms. Johnson four hours per day of home instruction. *Compare* Doc. 26 at 3–7, *with* Doc. 1-3 at 1–2. The consent decree also provides for monitoring of the District's compliance, including requiring the District to file weekly status reports. Doc. 26 at 7–8.

5.  The consent decree alters the legal relationship between the parties, making Ms. Johnson a prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001) (recognizing that a party is a prevailing party if she "obtain[s] a court-ordered consent decree").

6. As a prevailing party, Ms. Johnson is entitled to seek reasonable attorney's fees and expenses under 20 U.S.C. § 1415(i)(3)(B).

7. Ms. Johnson estimates that she will seek approximately $55,000 in attorney's fees and $1,039 in expenses. *See* L.R. 7.01(b) (a party should "provide[] a fair estimate of the amount sought" in her motion on entitlement).

8. That amount of attorney's fees is the anticipated lodestar for lead counsel, Mr. Kevin A. Golembiewski. Although multiple counsel assisted in this matter, Ms. Johnson intends to seek fees for only Mr. Golembiewski's time.[1]

WHEREFORE, Ms. Johnson requests that the Court enter an order determining that she is a prevailing party in this IDEA proceeding and entitled to seek reasonable attorney's fees and expenses under 20 U.S.C. § 1415(i)(3)(B).

---

[1] Mr. Golembiewski is an attorney with Disability Rights Florida, Florida's federally designated legal protection and advocacy agency for people with disabilities.

## MEMORANDUM OF LAW

### Ms. Johnson is entitled to seek reasonable attorney's fees and expenses under Section 1415(i)(3)(B) of the IDEA because she is a prevailing party.

"In any action or proceeding brought under [Section 1415 of the IDEA], the court, in its discretion, may award reasonable attorneys' fees" and expenses to a student who prevails. 20 U.S.C. § 1415(i)(3)(B). "[T]o be considered a prevailing party for IDEA purposes, ordinary language requires that a [student] receive at least some relief on the merits of h[er] claim." *Jefferson Cty. Bd. of Educ. v. Bryan M.*, 706 F. App'x 510, 514 (11th Cir. 2017) (quoting *Buckhannon*, 532 U.S. at 603). "The [student] must be able to point to a resolution of the dispute which changes the legal relationship between [her]self and the defendant," *id.*, such as "a court-ordered consent decree," *see Buckhannon*, 532 U.S. at 605. "One may be a prevailing party through formal entry of a consent decree as to a private settlement agreement because the agreement has the necessary judicial approval and oversight to be considered an alteration in the legal relationship of the parties warranting an award of attorney's fees." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).

Here, Ms. Johnson is a prevailing party. This Court entered as a final order a consent decree that "directly benefit[s]" her, affording her substantial relief. *See Jefferson Cty. Bd. of Educ.*, 706 F. App'x at 514. The consent decree requires the District to immediately provide Ms. Johnson home instruction for four hours per day, and over the next several months, it requires the District to provide the educational services set forth in the parties' mediation agreement, including placement in a self-contained classroom at a public high school; direct, small-group instruction; paraprofessional support; counseling services; and compensatory-education services. Doc. 26 at 3–7. Further, the consent decree provides for monitoring of the District's compliance, including requiring the District to file weekly status reports. *Id.* at 7–8.

That comprehensive award of educational services, secured through a court-ordered consent decree, makes Ms. Johnson a prevailing party. *See, e.g., Arthur v. D.C.*, 106 F. Supp. 3d 230, 235 (D.D.C. 2015) (parent and child were prevailing parties because they obtained a consent decree that required the school district to provide "specialized instruction and related services"); *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1037 (9th Cir. 2006) (parents were

5

prevailing parties because they secured a revised education plan and compensatory education).

Because Ms. Johnson is a prevailing party in this IDEA proceeding, she can recover her reasonable attorney's fees and expenses. *See* 20 U.S.C. § 1415(i)(3)(B).

Respectfully submitted,

*/s/ Kevin A. Golembiewski*
Kevin A. Golembiewski
Fla. Bar. No. 1002339
Gina Fabiano
Fla. Bar. No. 23420
Jatinique Randle
Fla. Bar. No. 0125283
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602
850-488-9071 ext. 9735
keving@disabilityrightsflorida.org

Dated: December 20, 2021

## LOCAL RULE 3.01(G) CERTIFICATION

I, Kevin Golembiewski, do hereby certify that Plaintiff has conferred with Defendant. The parties do not agree on the resolution of this motion. Conference occurred by email.

Dated: December 20, 2021

/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602

## CERTIFICATE OF SERVICE

I, Kevin Golembiewski, do hereby certify that a true and correct copy of the foregoing was served on counsel for Defendant via electronic filing.

Dated: December 20, 2021

/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
Disability Rights Florida
1000 N. Ashley Drive
Tampa, FL 33602