UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBA JOHNSON,

        Plaintiff,

v.                              Case No.   3:21-cv-995-MMH-PDB

FLAGLER COUNTY SCHOOL
DISTRICT,

        Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 39; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on May 12, 2022. In the Report, the Magistrate Judge recommends that the Court grant, in part, and deny, in part, Plaintiff's Motion on Entitlement to Attorney's Fees and Expenses and Supporting Memorandum of Law (Doc. 29; Motion) filed by Reba Johnson ("Plaintiff"). See Report at 34. Specifically, the Magistrate Judge recommends that the Court find Plaintiff is entitled to an award of reasonable attorney's fees incurred in prosecuting this action and an award of costs under 28 U.S.C. § 1920 but not to an award of expenses outside of those permitted under 28 U.S.C. §§ 1821 and 1920. Id. The Magistrate Judge also recommends that the undersigned direct the parties to

confer in good faith on a reasonable amount of attorney's fees incurred in prosecuting this action and, in the event that issues remain after the parties confer, direct the Magistrate Judge to conduct a telephone conference to discuss and resolve the issues speedily and efficiently. Id. Finally, the Magistrate Judge recommends that the Court delay entry of a judgment on attorney's fees until after an agreement or decision on the reasonable amounts is reached. Id. On June 2, 2022, the Flagler County School District ("District" or "Defendant") filed Defendant's Response and Written Objections to Certain Portions of the General Magistrate's Report and Recommendation (Doc. 42; Objections). [1] Plaintiff filed a response to the Defendant's Objections on June 13, 2022. See generally Plaintiff's Response to Defendant's R&R Objection (Doc. 45; Response). Accordingly, this matter is ripe for review.

Because the Court finds that Defendant's Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the objections.

---

[1] Defendant is advised that Judge Barksdale is a United States Magistrate Judge, not a "General Magistrate," and thus should be referred to, respectfully, as "Judge Barksdale" or the "Magistrate Judge." See generally 28 U.S.C. § 636; United States v. Fleming, No. 3:09-cv-153-J-34HTS, 2009 WL 10671227 at n.2 (M.D. Fla. Dec. 1, 2009).

## I. Background

Plaintiff, a student in the Flagler County School system, sued the District to enforce an agreement made during a mediation conducted under § 615 of the Individuals with Disabilities Education Act ("IDEA"), codified and amended at 20 U.S.C. § 1415 (§ 1415). See Report at 1. At the request of the parties, the Court entered a Consent Decree and reserved jurisdiction to enforce the Decree. Id. Following the entry of the Consent Decree, Plaintiff filed the instant Motion seeking a determination that she is entitled to an award of attorney's fees and expenses. Id. The Motion was referred to the Magistrate Judge to prepare a report and recommendation. See (Doc. 29).

In the Report, the Magistrate Judge recommends that the Court determine that Plaintiff is entitled to reasonable attorney's fees and costs because § 1415 authorizes a "prevailing party" in a lawsuit to enforce an agreement reached through an IDEA mediation to recover reasonable attorney's fees. See Report at 29, 34. Additionally, the Magistrate Judge recommends the Court find that Plaintiff did not have to assert a separate cause of action to determine whether she can collect attorney's fees. Id. at 32-33. Finally, the Magistrate Judge recommends the Court deny Plaintiff's Motion to the extent she seeks a determination that she is entitled to "something beyond costs under § 1920, as limited by § 1821, and reasonable attorney's fees." Id. at 33.

## II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 34.

**III.     Defendant's Objections**

In the Objections, Defendant first argues that the Court should deny the Plaintiff's Motion using the discretion granted by 20 U.S.C. § 1415(i)(3)(B). See Objections at 10-13; §1415(i)(3)(B) (stating "the court in its discretion, may award reasonable attorneys' fees…to a prevailing party" in an action or proceeding under § 1415) (emphasis added). In support, Defendant asserts that the Consent Decree reached is not in Plaintiff's best interest and, thus, Plaintiff did not benefit significantly enough from the relief granted to warrant a determination that she is a prevailing party who is entitled to attorney's fees. See Objections 10-13. In her Response, Plaintiff notes that Defendant failed to raise the argument before Judge Barksdale, and as such, contends that the Court should decline to consider it. See Response at 2. Alternatively, Plaintiff asserts that this objection lacks merit because (1) Defendant's stipulations in the Consent Decree foreclose its contention that the Decree is not in Plaintiff's best interest; (2) "[D]efendant's assertion that a jointly entered consent decree is not in the [P]laintiff's best interest is not a basis for denying fees"; and (3) Defendant's argument is based on "irrelevant" and "unsupported" assertions and claims. Id. at 2-3.

As an additional objection, Defendant asserts that Plaintiff is not eligible to receive an award of the attorney's fees because she had been determined incompetent to proceed in a state court criminal proceeding. See Objections at

13. Plaintiff disagrees, arguing that under Florida law, a person maintains her decision-making rights even when a criminal court finds her incompetent to proceed. See Response at 8.

Neither of the arguments raised in the Objections were presented to the Magistrate Judge. Instead, both are made for the first time only after entry of the Report. In its response to Plaintiff's Motion, Defendant asserted only that (1) Plaintiff's action for a breach of a mediation agreement is not an action or proceeding under § 1415 which would allow Plaintiff to collect attorney's fee; (2) Plaintiff is not a prevailing party; and (3) Plaintiff should have made her request for attorney's fees as a separate cause of action. See generally Defendant's Response to Plaintiff's Motion on Entitlement to Attorney's Fees and Expenses and Supporting Memorandum of Law (Doc. 31). Thus, both of the arguments Defendant makes in the Objections are untimely. While the Court has discretion to consider an untimely argument, it is not required to do so. Indeed, Eleventh Circuit precedent expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens [v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797

F.3d 934, 937 n.1 (11th Cir. 2015) (citing <u>Williams</u> for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); <u>Lodge v. Kondaur Capital Corp.</u>, 750 F.3d 1263, 1274 (11th Cir. 2014) (citing <u>Williams</u> for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge"). In consideration of the record and the arguments presented to the Magistrate Judge, the Court declines to consider Defendant's newly raised arguments, including those inconsistent with the stipulations in the Consent Decree. As such, Defendant's Objections are due to be overruled. The Court will accept and adopt the Magistrate Judge's Report and Recommendation. Accordingly, it is hereby

**ORDERED:**

1. Defendant's Response and Written Objections to Certain Portions of the General Magistrate's Report & Recommendation (Doc. 42) is **OVERRULED**.

2. The Report and Recommendation (Doc. 39) of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Motion on Entitlement to Attorney's Fees and Expenses and Supporting Memorandum of Law (Doc. 29) is **GRANTED, IN PART, AND, DENIED, IN PART**.

  a. The Motion is **GRANTED** to the extent that it is **DETERMINED** that Plaintiff is found to be a prevailing party entitled to an award of reasonable attorney's fees incurred in prosecuting this action and costs under 28 U.S.C. § 1920.

  b. The Motion is otherwise **DENIED**.

4. The parties are **DIRECTED** to confer in good faith on reasonable attorney's fees incurred in prosecuting this action and § 1920 costs and notify the Court no later than **September 2, 2022**, whether they have agreed on an amount or whether issues remain. If issues remain, the Magistrate Judge is **DIRECTED** to conduct a telephone conference to discuss the issues and ways to resolve them speedily and efficiently and, if necessary, establish a briefing schedule.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of August, 2022.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i55

Copies to:
Counsel of Record

The Honorable Patricia D. Barksdale
United States Magistrate Judge